UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-10355-RWZ

HOWARD D. PAYNE

v.

COMMONWEALTH OF MASSACHUSETTS, *et al.*

MEMORANDUM OF DECISION

March 7, 2014

ZOBEL, D.J.

Plaintiff Howard D. Payne is serving a life sentence for second-degree murder. He sued the Commonwealth of Massachusetts and several individuals and businesses, alleging that they violated state tort law and his federal due process rights when they sold his vehicle without prior notice and without giving him the opportunity to conduct DNA testing on blood stains found therein. Only plaintiff's 42 U.S.C. § 1983 claim remains, and in previous orders, the court dismissed all defendants except Dennis Harris and Richard Daley ("defendants"), both of whom are detectives in the Boston Police Department. Defendants move for summary judgment (Docket # 126). The motion is ALLOWED.

**I.    Background**

The murder occurred on February 10, 2006. Compl. ¶ 11. The next day, defendants located and seized plaintiff's 1998 blue Chevrolet Suburban. Id. ¶ 12.

They obtained a warrant and searched the vehicle.  Docket # 1-2.  Suffolk County District Attorney Daniel F. Conley performed DNA tests on the blood stains found inside.  Compl. ¶ 15.  The tests confirmed the stains were from plaintiff's blood.  Id.  Plaintiff claims the stains were used to secure his July 2, 2007 conviction.  Id. ¶ 16.

On July 9, 2007, after he had been convicted, plaintiff allegedly learned for the first time that his vehicle had been sold in July 2006.  Id. ¶ 18.  He asserts that a private business, Auto Service & Tire Repair ("Auto Service"), sold it with help from defendants.  Id. ¶ 27.  Auto Service told plaintiff it tried to contact him prior to the sale, but it could not reach him because plaintiff was detained awaiting trial.  Id. ¶19.  Thus, plaintiff had no notice of the sale, nor was a hearing conducted beforehand.  Id. ¶ 18.

## II. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The court must view the record in the light most favorable to the nonmovant and draw all justifiable inferences in that party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  If the evidence presented would allow a reasonable jury to return a verdict for the nonmovant, summary judgment must be denied.  Id. at 248.

## III. Analysis

Defendants contend they are entitled to summary judgment because (1) plaintiff's claim is foreclosed by the Supreme Court's decision in Heck v. Humphrey,

512 U.S. 477 (1994); (2) the Parratt-Hudson doctrine bars plaintiff's claim, see Parratt v. Taylor, 451 U.S. 527 (1981); Hudson v. Palmer, 468 U.S. 517 (1984); (3) no constitutional violation took place; and (4) even if a constitutional violation occurred, defendants are entitled to qualified immunity.  I need not delve into any of these arguments, because defendants are entitled to summary judgment for a simpler reason: the record contains no evidence that they are responsible for the constitutional violation plaintiff alleges.

The record shows only that defendants seized the vehicle from Payne's home in Weymouth, Massachusetts and transported it to an "evidence bay" at Boston Police Department headquarters.  Affidavit of Richard Daley, Docket # 127-1, at ¶ 5.[1]  From then on, they did not supervise plaintiff's vehicle.  Defendants are not responsible for removing vehicles from the evidence bay.  Id. ¶ 8.  Once a vehicle is removed from the evidence bay, it is no longer considered evidence and defendants have no influence over it.  Id. ¶¶ 9-10.  They are not responsible for notifying owners of the whereabouts of their vehicles, nor are they involved in the sale of vehicles seized by police.  Id. ¶¶ 10-11.  In short, defendants simply had nothing to do with plaintiff's vehicle once it left the evidence bay.  Id. ¶ 12.

Plaintiff does not dispute these facts.  Indeed, he professed not to know the specifics of the transport and sale in his deposition:

Q.  I'd like to talk a little bit about how you found out about the sale of

---

[1] Each defendant filed an affidavit.  Other than paragraphs one and two, which contain only biographical information, defendants' affidavits are identical.  I cite only defendant Daley's affidavit for the sake of simplicity.

> your vehicle. I know we touched upon it a little bit, but we're going to flush it out now. Who do you allege sold your vehicle?
>
> A. I don't know how they did it. I don't know how they retitled it and sold it to this lady up in – up in Deerfield.
>
> Q. When you say "they," who are you referring to?
>
> A. Whoever, whoever. I don't know how it got out of police possession and sold to a lady in Deerfield. I know it had to be retitled in July for her to register [it] in August.

Deposition of Howard D. Payne, Docket # 127-6, at 53. Another exchange more pointedly affirms the lack of record evidence:

> Q. You mentioned that you had reason to believe that Dennis Harris and Richard Daley might have participated in the auction in which your car was sold because you mentioned that they were the ones who initially took your vehicle; is that correct?
>
> A. Yes.
>
> Q. Do you have any other facts that you can point to besides the fact that they happen to be involved in the initial taking of your vehicle to support your conclusion that they participated in the auction?
>
> A. You were the one that allowed me to know that it was auctioned off today. That's [the] first I've ever known that it was auctioned.
>
> Q. It was auctioned off by the Boston Police Department, correct?
>
> A. That's what's on the documents, but there are no names on the documents, period. Just Boston Police Department and some review of the vehicle, but it doesn't say who actually sold it from the Boston Police Department.
>
> Q. But as you sit here today, you can't point to any facts that Dennis Harris and Richard Daley specifically participated in this auction?
>
> A. But as we sat [sic] here today, you can't either say that they didn't participate in this, right?

4

Id. at 79-80. To accept plaintiff's assertion that defendants were involved in the sale of his vehicle merely because they seized it would permit unsupported allegations and speculation to defeat summary judgment. That, however, is not allowed. Rivera-Colon v. Mills, 635 F.3d 9, 12 (1st Cir. 2011) (citing Feliciano de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir. 2000)). Because there is no genuine dispute of material fact regarding defendants' involvement in the alleged deprivation of plaintiff's federal due process rights, summary judgment is proper.

## IV. Conclusion

Defendants' motion for summary judgment (Docket # 126) is ALLOWED. Judgment may be entered for defendants.

|  |  |
|---|---|
| March 7, 2014 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |